UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324 PENSION
FUND, OPERATING ENGINEERS' LOCAL 324
HEALTH CARE PLAN, OPERATING ENGINEERS'
LOCAL 324 VACATION AND HOLIDAY FUND,
OPERATING ENGINEERS' LOCAL 324 RETIREE
BENEFIT FUND, OPERATING ENGINEERS'
LOCAL 324 APPRENTICESHIP FUND, and
OPERATING ENGINEERS' LOCAL 324 DEFINED
CONTRIBUTION PLAN, Trust Funds Established
and Administered,

         Plaintiffs,

v.

BROWNS EXCAVATING, INC., a Michigan
Corporation, and DENNIS J. BROWN, Individually,

         Defendants.

Case number 05-73331
Honorable Julian Abele Cook, Jr.

ORDER

On August 29, 2005, the Plaintiffs[1] filed a Complaint with this Court, in which they charged the two Defendants[2] with having violated the parties' collective bargaining agreement ("agreement"). It is their view that these Defendants have failed to make their obligatory employee benefit contributions in a timely manner, as required by the terms of the agreement. In essence, the Plaintiffs seek to obtain the payment of unpaid pension, healthcare, and other related benefits.

---

[1]The Plaintiffs have been identified as Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Health Care Plan, Operating Engineers' Local 324 Vacation & Holiday Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Apprenticeship Fund, and Operating Engineers' Local 324 Defined Contribution Plan.

[2]The Defendants in this case are Brown's Excavating, Inc. and Dennis J. Brown.

They also contend that the Defendant, Dennis Brown ("Brown"), is personally liable for these unpaid benefit contributions, pointing to the alleged violations of his contractual obligations as a fiduciary under the terms of their agreement. In October of last year, the parties submitted motions for partial summary judgments, with each side contending that there are no genuine issues of a material fact to be resolved by the Court.[3] For the reasons that have been noted below, these two motions will be denied.

I.

The scope of the Plaintiffs' activities is governed by Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* In the pursuit of their statutory obligations, the Plaintiffs are charged with responsibility of collecting delinquent fringe benefit contributions, as set forth in 29 U.S.C. § 1132(g) and 29 U.S.C. § 1145.

The corporate Defendant, Brown's Excavating, Inc. ("Company"), is a small family owned enterprise whose primary business focus was on excavation work within the metropolitan area of Detroit, Michigan. According to the records in this cause, the Company is no longer operational. Dennis Brown, who served as the president and sole shareholder of this now-defunct Company, had the primary responsibility of bidding on various job opportunities and performing the attendant work assignments. His wife, Monica Brown, although not an official secretary/ bookkeeper, a corporate officer or a shareholder, supervised the financial aspects of the Company's business (i.e., payment of bills and wages) during all of the times that are relevant to this case.

---

[3]The Defendants filed a motion for the entry of a partial summary judgment on October 20, 2006 in an effort to absolve Brown of any personal responsibility to the Plaintiffs for their claims against him in this litigation. Five days later, the Plaintiffs submitted a similar dispositive request for relief, seeking to obtain a definitive declaration by the Court on the issue of liability as it relates to both of the Defendants..

In November of 1998, Brown signed a agreement with the Plaintiffs, in which the Company assumed the responsibility for the distribution of contributions to the various fringe benefit funds on behalf of its employees.  It should be noted that these contributions became vested plan assets on the date on which they became due.  According to the terms of the agreement and on the basis of their collective statutory obligations, the Plaintiffs are also entitled to audit the Company's financial records in order to ensure that the requisite benefit contributions are paid promptly. An audit on June 24, 2005 revealed that the Company owed $208,645.87 in contributions.  A subsequent audit reduced the indebtedness by $1,578.34.

II.

The Supreme Court has opined that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  At the same time, the language within Fed.R.Civ. P.56© indicates that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."  Here, the burden is on the Plaintiffs to demonstrate the absence of a genuine issue of a material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, the Court must examine any documents (i.e., pleadings, depositions, answers to interrogatories, admissions, and affidavits) in a light that is most favorable to the Defendants. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is not the role of the Court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987).  Rather, it is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Hence, the moving parties can show that a genuine factual issue is lacking if they present evidence which is sufficient to make the issue "so one-sided that [they] must prevail as a matter of law," *id.* at 252, or point to a failure by the non-moving party to present evidence that is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.  Upon such a showing, the Defendants - as the non-moving parties - must act affirmatively to avoid the entry of a summary judgment.  Fed. R. Civ. P. 56(e).  A mere scintilla of supporting evidence is insufficient.  *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  Indeed, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

III.

Typically, an individual who exercises discretionary authority or control over the assets of a fund is deemed to be a fiduciary. 29 U.S.C. § 1002(21)(A).[4]  Generally, unless an individual is

---

[4] 29 U.S.C. § 1002(21)A reads as follows:

(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.  Such term includes any person designated under section 405(c)(1)(B) [29 USCS § 1105(c)(1)(B)].

aware of his fiduciary status, he should not be identified as a fiduciary. *Iron Workers' Local No. 25 Pension Fund v. Future Fence Company,* 2006 WL 2077639 (E.D. Mich. 2006). Furthermore, an employer does not automatically become a fiduciary if it breaches its contractual obligations to a fund. *In re Luna*, 406 F.3d 1192, 1203 (10th Cir. 2005). Furthermore, a person's state of mind does not determine his fiduciary status according to ERISA. *Donovan v. Mercer,* 747 F.2d 304, 309 (5th Cir. 1984). Moreover, "[t]he mere discretion whether to pay debts owed to an employee benefit plan, however, does not suffice to confer fiduciary status under ERISA." *In re Luna.* at 1206.

In their defense against this pending motion, the Defendants submit that Brown is not a fiduciary, as defined by ERISA, and, as such, he has not breached any claimed fiduciary duties. It is their contention that Brown was never made aware of his personal duties as a fiduciary, and did not agree to become personally liable for the Company's fringe benefit contributions. They point out Brown was never given a copy of the original Declaration of Trust or the First Amendment to the Declaration of Trust which delineated that the plan assets would become vested whenever they became due. Consequently, the Defendants argue that Brown had no knowledge that such unpaid contributions were considered "assets" for purposes of 29 U.S.C. § 1001(21)(A)(I).

The Plaintiffs disagree, claiming that Brown had (1) exercised authority and/or control regarding the disposition of the Company's funds, and (2) breached his duty by failing to make the appropriate contributions.[5]  Additionally, they contend that Brown is bound by the parties'

---

[5] On June 2, 2006, the Plaintiffs filed a motion, seeking to add Monica Brown as a named Defendant in this lawsuit. Subsequently, on September 11, 2006, the Court denied the Plaintiffs' request, determining that Dennis Brown, as the sole shareholder, was the only person with the authority to direct the business activities of the company. Ultimately, the Court concluded that "[a]ny discretionary authority over the disposition of the funds was within the exclusive purview of Dennis

agreement that was signed by him, notwithstanding his contention that he was neither provided with the trust documents nor given an opportunity to read the contracts.  Furthermore, the Plaintiffs maintain that the Defendants, in a previously filed pleading, acknowledged Brown's control over the assets of the Company.[6]

IV.

Dennis Brown acknowledges that he was the only person with the authority to direct the business activities of the Company. However, it is his position that he was never provided with any of the requisite trust documents which would have given him with information relating to his alleged fiduciary obligations. Nonetheless, the Court, in declining to speculate on Brown's state of mind, notes that there is no evidence that he signed the agreement in his personal capacity - only as the representative of his Company.  Therefore, the Court concludes that there is a genuine issue of a material fact in this matter, especially when viewing the record in a light that is favorable to Brown as the non-moving party.  Accordingly, the currently pending motions for partial judgment that have been filed by the parties in this cause. must be, and are, denied.

IT IS SO ORDERED.

Dated: April 23, 2007                                   s/ Julian Abele Cook, Jr.
      Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                United States District Court Judge

---

Brown.

[6]The specific language within a brief that had been filed by the Defendant in conjunction with an unrelated issue in this cause states that "[a]s the sole executive officer of Browns' Excavating, Inc. Dennis Brown would have been the only person with the authority to direct Brown's Excavating, Inc.'s dealings with the Funds."

<u>Certificate of Service</u>

I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk